FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 1 4 2007

JAMES N. HATTEN, Clerk
By: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
|  | : | |
| Plaintiff, | : | Civil Action No. |
| v. | : | 1-06-CV-1171-CC |
|  | : | |
| GEOFFREY A. GISH; WESTON RUTLEDGE FINANCIAL SERVICES, INC.; ZAMINDARI CAPITAL, LLC; LEXINGTON INTERNATIONAL FUND, LLC a/k/a LEXINGTON INTERNATIONAL FUND, INC.; AND OXFORD ADAMS CAPITAL, LLC, | : | |
|  | : | |
| Defendants. | : | |

## FINAL JUDGMENT AS TO DEFENDANT
## GEOFFREY A. GISH

The Securities and Exchange Commission having filed a Complaint and Defendant Geoffrey A. Gish ("Gish" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant Gish and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that

2

Defendant Gish and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Gish and his agents, servants, employees, attorneys and those persons in active concert or participation with them, be, and they hereby are, restrained from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)] by, directly or indirectly:

(a) making use of the means or instruments of transportation or communication in interstate commerce or of the mails to sell securities, through the use or medium of a prospectus or otherwise;

(b) carrying securities or causing such securities to be carried through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or for delivery after sale; or

(c) making use of the means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy securities, through the use or medium of any prospectus or otherwise, without a registration statement having been filed with the Commission as to such securities.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Gish and his agents, servants, employees, attorneys and those persons in active concert or participation with them, who receive actual notice of this Order are permanently enjoined and restrained from violating or aiding and abetting violations of Section 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. 80b-6(1) and (2)], by, directly or indirectly, making use of means and instruments of transportation and communication in interstate commerce and of the mails:

(1) to employ any device, scheme, or artifice to defraud any client or prospective

4

client; or

(2) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Gish is liable for $1,258,836.92 ("the Disgorgement Amount"), representing Plaintiff's claim for disgorgement against Gish, together with prejudgment interest of $41,276.81, as a result of the conduct alleged in the Complaint. Defendant Gish shall satisfy this obligation by paying $1,300,113.73 by certified check, bank cashier's check, or United States postal money order payable to the Receiver, Thomas S. Richey. Because Defendant Gish is a debtor in a bankruptcy case, *In re Gish*, Ch. 7 Case No. 07-67092 (Bankr. N.D. Ga.), for so long as the automatic stay is in effect, no action shall be taken to enforce or collect the Disgorgement Amount except in accordance and compliance with the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, and the Federal Rules of Bankruptcy Procedure, as follows:

1) no action shall be taken to collect the Disgorgement Amount against Defendant Gish until the earlier of such time as Defendant Gish has been granted or denied a discharge or his bankruptcy case has been closed or

5

dismissed; and

2) no action shall be taken to collect the Disgorgement Amount against property of Defendant Gish's bankruptcy estate until such time as the property is no longer property of the bankruptcy estate.

Following entry of this Final Judgment and upon the expiration of the automatic stay, the Commission may seek to enforce the Disgorgement Amount by moving for civil contempt (and/or through other collection procedures authorized by law). In response to any such civil contempt motion by the Commission, the defendant may assert any legally permissible defense. A copy of the check or money order for each payment under this provision shall be sent to M. Graham Loomis, Senior Trial Counsel, Securities and Exchange Commission, 3475 Lenox Road, Suite 500, Atlanta, Georgia 30326-1232. Defendant Gish shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Gish is liable for $ 120,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. 78u(d)(3)] and Section 209(e) of the Advisers Act [15 U.S.C. 80b-9(e)], in satisfaction of Plaintiff's claim for a civil penalty. Defendant shall satisfy this obligation by paying

$120,000 to the Clerk of this Court, together with a cover letter identifying Defendant Gish as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. Because Defendant Gish is a debtor in a bankruptcy case, *In re Gish*, Ch. 7 Case No. 07-67092 (Bankr. N.D. Ga.), for so long as the automatic stay is in effect, no action shall be taken to enforce or collect the civil penalty ordered pursuant to this paragraph except in accordance and compliance with the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, and the Federal Rules of Bankruptcy Procedure, as follows:

1) no action shall be taken to collect the civil penalty against Defendant Gish until the earlier of such time as Defendant Gish has been granted or denied a discharge or his bankruptcy case has been closed or dismissed; and

2) no action shall be taken to collect the civil penalty against property of Defendant Gish's bankruptcy estate until such time as the property is no longer property of the bankruptcy estate.

By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on

7

any delinquent amounts pursuant to 28 USC § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action

based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors or any action brought against Defendant by the Court Appointed Receiver based on substantially the same facts as alleged in the Complaint in this action.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Gish shall comply with all of the undertakings and agreements set forth therein.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: June 14, 2007

_____
UNITED STATES DISTRICT JUDGE